# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLERY RAGAS** | * | **CIVIL CASE NO.:** |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **ANCO INSULATIONS, INC.**, **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** (as the insurer of Gulf Engineering Company, L.L.C., as successor-by-merger to Gulf Engineering Company, Inc., f/k/a Gulf Engineering Service & Specialty Company, Inc.), **ELLIOTT COMPANY** (f/k/a Elliott Turbomachinery), **FLOWSERVE US INC.** (as successor-in-interest to Rockwell Manufacturing Company), **FREEPORT-MCMORAN, INC.** (individually and as successor-in-interest to Freeport Sulphur Company), **GENERAL ELECTRIC COMPANY**, **GOULDS PUMPS, LLC**, **GULF ENGINEERING COMPANY, L.L.C.** (as successor-by-merger to Gulf Engineering Company, Inc., f/k/a Gulf Engineering Service & Specialty Company, Inc.), **HONEYWELL INTERNATIONAL, INC.** (f/k/a Allied Signal Inc., as successor-in-interest The Bendix Corporation), **ITT, LLC** (individually and as successor-in-interest to Bell & Gossett Pump Company), **LIBERTY MUTUAL INSURANCE COMPANY** (as the insurer of Mosaic Global Holdings, Inc., individually and f/k/a IMC Global, Inc., successor-by-merger to Freeport-McMoran, Inc., successor-by-merger to Freeport Sulphur Company, f/k/a Freeport Minerals Company), **LOUISIANA INSURANCE GUARANTEE ASSOCIATION** (as legal successor of American Mutual Liability Insurance Company, as the insurer of Gabler Insulations, Inc.), **MOSAIC GLOBAL HOLDINGS, INC.** (individually and f/k/a IMC Global, Inc., successor-by-merger to Freeport-McMoran, Inc., successor-by-merger to Freeport Sulphur Company, f/k/a Freeport Minerals Company), **PARAMOUNT GLOBAL** (f/k/a ViacomCBS Inc., f/k/a CBS Corporation, f/k/a Viacom Inc., successor-by-merger to CBS Corporation, f/k/a Westinghouse Electric | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | **MAG. JUDGE:** |

Corporation), **REDCO CORPORATION** (f/k/a Crane Co.), **RHEEM MANUFACTURING COMPANY**, **TAYLOR-SEIDENBACH, INC.**, **TUTHILL CORPORATION** (individually and as successor-in-interest to Coppus Engineering), **ZURICH AMERICAN INSURANCE COMPANY** (as the insurer of Anco Insulations, Inc.), and **ZURN INDUSTRIES, LLC**
    *Defendants*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL BY DEFENDANTS, GENERAL ELECTRIC COMPANY AND PARAMOUNT GLOBAL

Defendants, General Electric Company ("General Electric" and/or "GE") and Paramount Global,[1] remove the action captioned *Ellery Ragas v. Taylor-Seidenbach. Inc., et al*, No. 2023-6347, Division L-6, from the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Court Action"), to this Honorable Court, the United States District Court for the Eastern District of Louisiana, pursuant to 43 U.S.C. § 1349(b) and 28 U.S.C. §§ 1331 and 1441, *et seq*. In support of this Notice of Removal, Defendants aver as follows:

### I. THE STATE COURT ACTION

1. Plaintiff, Ellery Ragas, filed his Petition for Damages (the "Petition") in the State Court Action on July 7, 2023.[2] Plaintiff's Petition asserts, in relevant part, that he developed lung cancer because of exposure to asbestos from his work as a helper and operator for Freeport-McMoran, Inc., at its Port Sulphur, Callou Island, Grand Isle, and Garden Island Bay plants from

---

[1] Paramount Global, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation.

[2] *See generally*, Plaintiff's Petition for Damages and Demand for Jury, attached hereto as **Exhibit A**.

2

1978 until 2000.[3] Plaintiff's Petition states that he "was regularly transported by boat to such plants," but does not specify how far he had to travel to get there.[4]

2. Plaintiff's Petition generally alleges that GE and Paramount Global, among others, manufactured, sold, supplied, and/or maintained asbestos-containing materials and products present at Plaintiff's worksites to which he was exposed.[5] Plaintiff's Petition does not, however, specify any particular GE or Paramount Global product(s) that allegedly exposed Plaintiff to asbestos, or identify any particular site(s) at which the exposure allegedly occurred.

3. Defendants participated in Plaintiff's deposition on August 17-18, 2023.[6] In addition to the Freeport facilities identified in his Petition, Plaintiff testified during the first day of his deposition, on August 17, 2023, that he also worked at Freeport's Caminada facility for approximately 6 months in the late 1980s.[7] He testified that he was working inside of the power plant during that time, maintaining the turbines and pumps and monitoring the boilers.[8] He specifically recalled removing and replacing gaskets and insulation from GE and Westinghouse turbines at Caminada, and testified that he was exposed to asbestos from that work.[9]

4. Freeport's Caminada facility was located in federal waters on the Outer Continental Shelf (the "OCS" or "Shelf").[10] Plaintiff's claims against Defendants, therefore, arise out of or were in connection with, operations on the OCS which involved the exploration, development

---

[3] Exhibit A at ¶9.
[4] *Id.*
[5] *Id.* at ¶¶ 2, 9, 16-29.
[6] Deposition of Ellery Ragas, taken August 17, 2023 (Vol. 1), attached hereto as **Exhibit B**; Deposition of Ellery Ragas, taken August 18, 2023 (Vol. 2), attached hereto as **Exhibit C**.
[7] Exhibit B, pp. 29, 217.
[8] *Id.* at pp. 151-162, 215-217, 249-279.
[9] *Id.*
[10] The Outer Continental Shelf "consists of the seabed and natural resources underlying the coastal waters greater than three geographical miles from the coastline." 43 U.S.C. §§ 1331(a).

and/or production of the minerals of the subsoil and seabed of the OCS or which involved rights to such materials.

5.  Defendants received the transcript from Plaintiff's August 17, 2023 deposition on August 31, 2023.[11] Prior to August 31, 2023, Defendants never received "an amended pleading, motion, order, or other paper" from which they could have ascertained that Plaintiff's alleged injuries and claims arose out of, or were in connection with, operations on the Outer Continental Shelf which involved the exploration, development, and/or production of the minerals of the subsoil and seabed of the Outer Continental Shelf.

## II. REMOVAL IS PROPER BECAUSE ORIGINAL FEDERAL JURISDICTION EXISTS PURSUANT TO OCSLA AND/OR THE FEDERAL QUESTION STATUTE

6.  There are two grounds for removing the State Court Action to this Court, and both relate to the fact that this lawsuit arises in connection with drilling, exploration, and production operations occurring on the OCS. Two jurisdictional consequences follow as a result: (1) *first*, the State Court Action falls within the jurisdictional grant of the federal Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq*.; and (2) *second*, the OCS is a federal enclave, meaning that all cases arising from events on the Shelf arise under federal law.

7.  OCSLA Jurisdiction: This case is removable to this Court under the jurisdictional grant of OCSLA, 43 U.S.C. § 1331, *et seq*. OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies *arising out of, or in connection with* (A) any operation conducted on the outer Continental Shelf which involves

---

[11] Email from SP Reporting, dated August 31, 2023, attached hereto as **Exhibit D**.

exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1) (emphasis added).

8. OCSLA defines "minerals" to include "oil, gas, sulphur, geopressured-geothermal and associated resources." 43 U.S.C. § 1331(q). "Exploration" is the "process of searching for minerals, including…any drilling." 43 U.S.C. § 1331(k).

9. Plaintiff testified during the first day of his deposition, on August 17, 2023, that he was harmed on the OCS during drilling, exploration, and production operations. The State Court Action thus "aris[es] out of" and is "in connection with" operations on the OCS. As a result, this Court has original subject matter jurisdiction under 43 U.S.C. § 1349.

10. <u>Federal Question Jurisdiction:</u> A second reason to conclude that Plaintiff's claims arise under federal law is that claims involving federal enclaves like the OCS by their nature arise under federal law. Federal-question claims ordinarily are subject to the well-pleaded complaint rule, but cases involving federal enclaves unavoidably involve federal and not state law, regardless of whether a plaintiff invokes federal law on the face of the complaint. Moreover, even if this were not true, OCSLA claims are not subject to the well-pleaded complaint rule, pursuant to Fifth Circuit precedent. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013); *Amoco Production Co., v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988) ("In determining federal court jurisdiction, we need not traverse the Serbonian Bog of the well pleaded complaint rule…because § 23 of OCSLA expressly invests jurisdiction in the United States District Courts.").

11. OCSLA not only provides that federal courts have original jurisdiction over all cases arising out of Shelf operations, it also directly specified that federal law governs as a

5

substantive matter. *See* 43 U.S.C. § 1331(a)(1). Hence, federal question jurisdiction under 28 U.S.C. § 1331 exists. The Fifth Circuit has held that OCSLA confers both original and removal jurisdiction, regardless of whether state or maritime law supplied the rule of decision. *Barker*, 713 F.3d at 214 ("The more difficult question in this appeal is whether federal, state, or maritime law provides the substantive rule of decision for Barker's OCSLA claim…[T]he panel chooses not to decide this issue because the result is the same regardless of which law is applied.").

12.     Plaintiff's claims "arise under" federal law for purposes of removal under 28 U.S.C. § 1441(c) because OCSLA established a federal enclave on the Shelf. Claims arising out of conduct within federal enclaves necessarily arise under federal law.

13.     This matter is removable under 28 U.S.C. § 1441, as it is a civil action over which the United States District Court for the Eastern District of Louisiana has original subject matter jurisdiction under 43 U.S.C. § 1349 and/or 28 U.S.C. § 1331. Further, this matter is removable without regards to the citizenship of the parties in accordance with 28 U.S.C. § 1441.

### III.    PLAINTIFF'S JONES ACT CLAIMS ARE NO OBSTACLE TO REMOVAL

14.     The Fifth Circuit has long recognized that fraudulently pleaded Jones Act claims present no bar to removal to federal court. *See*, *e.g.*, *Burchett v. Cargill*, 48 F.3d 173, 175 (5th Cir. 1995). Defendants may "pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." *Id.* at 175. Thus, a federal court may allow removal of a fraudulently pleaded Jones Act claim. *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356 (5th Cir. 1999). A Jones Act claim is fraudulently pleaded when there is no reasonable basis for predicting that the plaintiff might establish liability under the Jones Act. *Id.* at 357 (citing *Burchett*, 48 F.2d at 176). *See*, *e.g.*, *Teaver v. Seatrax of La.*, 434 Fed. Appx. 307 (5th Cir. 2011) (affirming removal

of fraudulent Jones Act claim). To establish liability under the Jones Act, "the plaintiff's complained-of injury must have been suffered while he was a seaman and in the course of his employment." *Fields*, 182 F.3d at 357.

15. Plaintiff's Petition alleges that he was a Jones Act seaman as to historical Freeport operations.[12] To the contrary, as shown at Plaintiff's recent deposition on August 17-18, 2023, Plaintiff did not have the requisite employment-related connection to a vessel or identifiable fleet of vessels that was substantial in terms of both its duration and nature to become a seaman under the Jones Act. Therefore, Plaintiff's Jones Act claims are fraudulently pled and cannot defeat removal of this action.

## IV. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

16. Venue is proper in this Court pursuant to 28 U.S.C § 1446(a), as the United States District Court for the Eastern District of Louisiana is the District in which the State Court Action was pending.

17. All current defendants who have been properly joined and served with Plaintiff's Petition consent to this removal, including: Anco Insulations, Inc.; Certain Underwriters at Lloyd's, London; Elliott Company; Flowserve US Inc.; Freeport-McMoran, Inc.; Goulds Pumps, LLC; Honeywell International, Inc.; ITT, LLC; Liberty Mutual Insurance Company; Louisiana Insurance Guarantee Association; Mosaic Global Holdings, Inc.; Redco Corporation; Rheem Manufacturing Company; Taylor-Seidenbach, Inc.; Zurich American Insurance Company; and Zurn Industries, LLC.[13]

---

[12] Exhibit A, ¶ 5.
[13] Consents to Removal, attached hereto as **Exhibit E**, in *globo*. Tuthill Corporation has been dismissed by Plaintiff, and Gulf Engineering Company, L.L.C. has not been served.

18. Prior to August 31, 2023, the date Defendants received the transcript from Plaintiff's August 17, 2023 deposition,[14] Defendants never received "an amended pleading, motion, order, or other paper" from which they could have ascertained that Plaintiff's alleged injuries and claims arose out of, or were in connection with, operations on the Outer Continental Shelf which involved the exploration, development, and/or production of the minerals of the subsoil and seabed of the Outer Continental Shelf. This Notice of Removal has been filed within thirty (30) days of August 31, 2023. It is therefore timely pursuant to 28 U.S.C. § 1446(b)(3). *Morgan v. Huntington Ingalls Incorporated*, 879 F.3d 602 (5th Cir. 2018) (adopting a bright-line rule that Section 1446(b)(3)'s removal clock begins ticking upon receipt of the deposition transcript).

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel, and a copy is being filed with the Clerk of the Civil District Court for the Parish of Orleans.

20. This Notice of Removal is being signed pursuant to Federal Rule of Civil Procedure 11. A copy of the Civil Cover Sheet is attached hereto.

21. Pursuant to 28 U.S.C. § 1447(b), copies of all process, pleadings, orders, and other papers filed in the State Court Action have been requested and will be subsequently submitted upon receipt.

22. If any question arises regarding the propriety of removal, Defendants respectfully request the opportunity to present a brief and/or oral argument in support of their position that this

---

[14] *See generally*, Exhibit D.

case is removable.

**WHEREFORE**, Defendants, General Electric Company and Paramount Global, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove this action from the Civil District Court for the Parish of Orleans.

    Respectfully submitted,

    **FRILOT L.L.C.**

    */s/ Kelly L. Long*
    JOHN J. HAINKEL, III – 18246
    ANGELA M. BOWLIN – 20714
    MAGALI A. PUENTE MARTIN – 27279
    KELSEY A. EAGAN – 35764
    KELLY L. LONG – 34945
    ROTH M. HAINKEL – 38765
    3700 Energy Centre, 1100 Poydras Street
    New Orleans, Louisiana 70163-3700
    T: (504) 599-8000 | F: (504) 599-8100
    klong@frilot.com
    ***Counsel for General Electric Company and Paramount Global***

## CERTIFICATE OF SERVICE

I, Kelly L. Long, hereby certify that on September 18, 2023, true and correct copies of the foregoing Notice of Removal, Civil Cover Sheet, and Exhibits A-E, were electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana.

I further certify that true and correct copies thereof were forwarded on September 18, 2023, to Plaintiff's counsel via hand delivery and/or certified mail at the following addresses:

> Philip C. Hoffman
> PHILIP C. HOFFMAN LLC
> 643 Magazine Street, Suite 300-A
> New Orleans, Louisiana 70130

AND to all known defense counsel without exhibits via electronic mail.

I certify that the foregoing statements were made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/ Kelly L. Long*