UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLERY RAGAS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-5369** |
| **ANCO INSULATIONS, INC. ET AL.** | * | **SECTION L** |

<u>**ORDER & REASONS**</u>

Before the Court is a motion by Plaintiff Ellery Ragas to Remand the Case to State Court. R. Doc. 19. Defendant Mosaic Global Holdings Inc. ("Mosaic") opposes the motion. R. Doc. 27. General Electric Company and Paramount Global (collectively, "GE Interests") submitted a separate opposition to the motion. R. Doc. 28. Having considered the briefing and the applicable law, the Court rules as follows.

**I.     BACKGROUND**

This case arises from Plaintiff Ellery Ragas's apparent exposure to asbestos, which he alleges led to his recent diagnosis of malignant lung cancer. R. Doc. 1-1 at 4. Ragas originally sued twenty manufacturers, insurers, and employers in the Civil District Court for the Orleans Parish. *Id.* at 2-3. Defendants General Electric Company and Paramount Global, however, subsequently removed the action to this Court pursuant to 43 U.S.C. § 1349(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1441. R. Doc. 1 at 2. Ragas then filed a motion to remand the case back to state court, and Defendants timely responded. R. Doc. 19; R. Doc. 27; R. Doc. 28.

Ragas' lawsuit alleges that he was exposed to asbestos in many ways. R. Doc. 1-1 at 5. His father worked as an automobile mechanic where asbestos was allegedly present, and brought the substance home with him on his work clothes. *Id.* Further, Ragas states that he himself was exposed firsthand to asbestos through his factory work and hobby mechanic work. *Id.* Ragas additionally

1

alleges that the was exposed to asbestos-containing products because of his employment with defendant Freeport-McMoran Inc. ("Freeport"), as a helper and operator from 1978 to 2000 at several of its plants. *Id.* Accordingly, Ragas sued Defendants for their respective roles in causing his asbestos exposure. *Id.* at 7-14. Specifically, Ragas contends that Defendants are liable under negligence and strict liability theories. *Id.*

Several defendants have filed their answers to Ragas' complaint. The Defendants generally deny the negligence and strict liability claims. *See* R. Doc. 12; R. Doc. 13; R. Doc. 17; R. Doc. 23; R. Doc. 25. Many defendants additionally state the following affirmative defenses: failure to state a claim; comparative fault; failure to mitigate damages; improper venue; assumption of risk; third-party fault; lack of duty; and lack of insurance coverage due to express warranties. *Id.*

On October 17, 2023, Ragas filed the instant motion. R. Doc. 19.

## II.   PRESENT MOTION

In his motion to remand, Ragas argues that removal of this suit is barred by 28 U.S.C. § 1445(a). *Id.* at 3. He argues that GE Interests "fail to allege exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf" by Ragas that would trigger removal under the Jones Act, 28 U.S.C. § 1445(a), or 43 U.S.C. § 1331. *Id.* at 4-8. Further, Ragas argues that his Jones Act claims fall under the "Savings to Suitors" Clause, which also bar removal. *Id.* at 4-5. Lastly, Ragas argues that because GE Interests improperly removed this case, he is entitled to attorney's fees pursuant to 28 U.S.C. § 1447(c). *Id.* at 9-11.

In opposition, Defendant Mosaic first argues that the Outer Continental Shelf Lands Act ("OCSLA") supports removal because –during his employment at Freeport—Ragas worked the Caminada Mine, located on the outer continental shelf. R. Doc. 27 at 5. In that capacity, Mosaic avers that Ragas' duties involved the development of sulfur, a mineral. *Id.* at 6. Because Ragas'

2

work at that facility falls under OCSLA jurisdiction, Mosaic argues that removal of the entire case is proper. *Id.* at 7. Next, Mosaic argues that Ragas does not meet the criteria necessary to qualify as a "seaman" under the Jones Act such that his improperly pled claims do not bar removal. *Id.* at 8. It avers that Ragas has failed to demonstrate his employment on vessels in navigation that were both substantial in duration and nature. *Id.* at 9-15. Accordingly, Mosaic argues that removal to this Court is appropriate. *Id.* at 17.

In their opposition memorandum, GE Interests echoes Mosaic's arguments that Ragas' work at the Caminada Mine supports OCSLA removal and that Ragas does not qualify as a Jones Act seaman. R. Doc. 28. Further, they argue that if the Court finds that Ragas is a Jones Act seaman, the case should be severed with the OCSLA claims remaining in this Court and Ragas' Jones Act claims remanded to state court. *Id.* at 6. However, they aver that Ragas improperly pled his Jones Act claims such that removal of all claims to this Court is proper. *Id.* at 5-11. Accordingly, they pray that this Court deny Ragas' motion to remand to state court. *Id.* at 12.

### III. LAW AND ANALYSIS

#### a. Removal Standard

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Accordingly, a defendant may remove a case to federal court if the federal court would have had original jurisdiction over the action. "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013). The Fifth Circuit has explained that the removal statute should be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th

Cir. 2002). Any doubt concerning the basis of jurisdiction should be resolved in favor of remand. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the defendant to prove, by a preponderance of the evidence, that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

    b. **Outer Continental Shelf Lands Act – 43 U.S.C. § 1331**

"The purpose of the [OCSLA] was to define a body of law applicable to the seabed, the subsoil, and the fixed structures . . . on the outer Continental Shelf." *EP Operating Ltd. Partnership v. Placid Oil Co.*, 26 F.3d 563, 569 (5th Cir. 1994). Accordingly, 43 U.S.C. § 1333 provides that the law to be applied to the outer Continental Shelf ("OCS") is exclusively federal, with the law of the adjacent state being adopted as surrogate federal law to the extent such law is applicable and not inconsistent with federal law. *See id.* at 566; 43 U.S.C. § 1333(a)(1) ("The Constitution and laws and civil and political jurisdiction of the United States are extended to the subsoil and seabed of the outer Continental Shelf and to all artificial islands, and all installations and other devices permanently or temporarily attached to the seabed, which may be erected thereon for the purpose of exploring for, developing, or producing resources therefrom . . ."). OCSLA also provides for original jurisdiction in the district courts over all cases arising out of operations on the OCS for the development of the natural resources. *EP Operating Ltd.*, 26 F.3d at 569. Specifically, the pertinent section provides that "the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf . . ." 43 U.S.C. § 1349(b)(1). Law binding on this Circuit interprets this language as straightforward and broad. *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014). "[T]he most consistent reading of the statute instructs that the

4

jurisdictional grant of section 1349 should be read co-extensively with the substantive reach of section 1333." *EP Operating Ltd.*, 26 F.3d at 569. Accordingly, the Fifth Circuit holds that "Congress intended for the 'judicial power of the United States to be extended to the entire range of legal disputes that it knew would arise relating to resource development on the Outer Continental Shelf.'" *Id.*

A plaintiff does not need to expressly invoke OCSLA for it to apply. *In re Deepwater Horizon*, 745 F.3d at 163. The Fifth Circuit recognizes that "[c]ourts typically assess jurisdiction under this provision in terms of whether (1) the activities that caused the injury constituted an 'operation' 'conducted on the outer Continental Shelf' that involved the exploration and production of minerals, and (2) the case 'arises out of, or in connection with' the operation." *Id.*; *see also In re Oil Spill Rig Deepwater Horizon in Gulf of Mex.*, 747 F. Supp. 2d 704, 708 (E.D. La. 2010). To determine whether a case "arises out of, or in connection with" the operation, the Fifth Circuit applies a "but-for" test, "i.e., but for the operation, would the case or controversy have arisen."[1] *In re Oil Spill Rig Deepwater Horizon in Gulf of Mex.*, 747 F. Supp. 2d at 708.

In the present case, the activities that caused the alleged injury meets the burden of the Fifth Circuit test. Because the parties do not dispute the location of the operation, the Court focuses its discussion on whether Ragas' employment furthered mineral development on the OCS and his exposure to asbestos. Defendants argue that while Ragas was employed by Freeport, he worked at the Caminada Mine as an operator and helper for six months. R. Doc. 27 at 6. Ragas testified and explained that in this role he would "maintain[] the pumps, the turbines, and monitor[] the boilers, and help[] crafts as-needed" in the power plant of the Mine. R. Doc. 27-1 at 152. He further

---

[1] The Fifth Circuit's but-for test raises three inquiries, whether "(1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013).

testified that the Caminada Mine was a fixed platform used to drill for sulfur and that he was exposed to asbestos at the facility. *Id.* at 224, 248. As stated in his Declaration, former Freeport superintendent David Singleton explains that the Caminada Mine facility was historically used for drilling for the exploration, development, and production of sulfur on the OCS. R. Doc. 27-1 at 2. These actions clearly demonstrate that Plaintiff's injury causing incidents—exposure to asbestos while maintaining the power plant of the drilling platform—sufficiently constitute the requisite operation for OCSLA jurisdiction, and that Ragas' work furthered mineral exploration.

The Court notes that while the Caminada Mine facility may have been the only Freeport site that Ragas was exposed to asbestos-containing products on the OCS, it alone is sufficient to satisfy the broad "but-for" Fifth Circuit test. *Barker*, 713 F.3d at 213. Courts have long held that "when a plaintiff is subjected to multiple tortious events, and each is independently sufficient to cause plaintiff's injury, the but-for causation test will not work to excuse any single causative factor." *See e.g. Sheppard v. Liberty Mutual Insurance Company, et al.*, No. 16-2401, 2016 WL 6803530 *1, *4 (E.D. La. Nov. 17, 2016). Additionally, courts have consistently recognized that an individual's workplace asbestos exposure at a single facility—out of many—throughout his decades long career on the OCS supports OCSLA removal. *See id.* (finding that the OCSLA test was met to justify removal because of the presence of one sufficient cause); *see also Lopez v. McDermott, Inc.*, No. 17-8977, 2018 WL 525851, *1 (E. D. La. Jan. 24, 2018) (denying remand because plaintiff's exposure to asbestos at one structure on the OCS satisfied the Fifth Circuit test).

Accordingly, the Court finds that Ragas' allegations that he was exposed to injurious levels of asbestos while employed at the Caminada Mine and that exposure caused him to contract malignant lung cancer, is sufficient to satisfy the liberal "but for" Fifth Circuit test. *Barker*, 713 F.3d at 213. Thus, the Court finds that removal of Ragas' claims arising from his work on the OCS

to this Court is proper.

### c. Ragas' Jones Act Claims

Ragas argues that Jones Act claims are statutorily non-removable pursuant to 28 U.S.C. § 1445(a) when filed in state court pursuant to 28 U.S.C. § 1333(a), which provides state courts with concurrent jurisdiction over Jones Act claims. Defendants contend however that Ragas' Jones Act claim was improperly pled such that it does not bar removal. R. Doc. 27 at 8; R. Doc. 28 at 5.

Generally, Jones Act cases are not removable. *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356 (5th Cir. 1999). However, a fraudulently pled Jones Act petition may be removed to federal court. *See id.* A defendant may pierce the pleadings to establish that a Jones Act claim has been fraudulently asserted and is therefore removable. *See id.*

The defendant seeking to establish fraudulent assertion of Jones Act jurisdiction has a heavy burden, as the removing party must prove that there is no possibility that plaintiff would be able to establish a Jones Act claim. *See Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir. 1995). The Fifth Circuit permits district courts to utilize summary judgment-like procedures to determine whether there has been fraudulent pleading of claims. *See id.* The district court may deny remand only when it determines that the plaintiff has no reasonable possibility of establishing a Jones Act claim after resolving all disputed facts and ambiguities in plaintiff's favor. *See Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 345 (5th Cir. 1999).

To maintain a cause of action under the Jones Act, a plaintiff must be a seaman. *See Harbor Tug and Barge Co. v. Papai*, 520 U.S. 548, 560 (1997). Seaman status requires (1) that the plaintiff's employment duties contribute to the function of a vessel or the accomplishment of a vessel's mission, and (2) that the plaintiff have a connection to a vessel in navigation that is substantial in duration and nature. *See id.* A connection that is substantial in duration requires

7

that an employee spend more than 30% of his time in the service of a vessel in navigation. *Sanchez v. Smart Fabricators of Tex., L.L.C.*, 997 F.3d 564, 574 (5th Cir. 2021) (en banc) ("A worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act."). Seaman status determinations may be made by summary disposition in the district court. *See Chandris v. Latsis*, 515 U.S. 347 (1995). If the facts and law reasonably support only one conclusion as to seaman status, the district court must decide the question. *See St. Romain v. Industrial Fabrication and Repair Service, Inc.*, 203 F.3d 376, 378 (5th Cir. 2000). If Ragas cannot establish a substantial connection to a vessel in navigation, he has no possible Jones Act claim. *See Fields*, 182 F.3d at 357.

In this case, the Court finds that the defendants have shown that Ragas cannot establish a Jones Act claim. Defendant Mosaic has submitted sworn testimony made by Ragas himself that establishes his employment predominantly took place at facilities that were fixed platforms rather than vessels in navigation. R. Doc. 27-2 at 215; *Becker v. Tidewater Inc.*, 335 F.3d 376, 391 (5th Cir. 2003) ("Fixed platforms are not vessels."). Ragas testified that only two of the five Freeport facilities that he worked at were drilling barges, where he worked as a roughneck. R. Doc. 27-2 at 219, 225-26. The three other facilities were either fixed platforms or on land. *Id.* at 215-217.

Looking closer at the time spent by Ragas on the two drilling barges, the Court finds that Ragas' connection with these vessels in navigation did not exceed 30% of the duration of his employment at Freeport. *Sanchez*, 997 F.3d at 574. His employment on said barges spanned a year and a half out of his twenty-three-year tenure with Freeport. R. Doc. 27 at 11. Rounding up, Ragas' time on vessels in navigation only accounts for 7% of his time with Freeport, which falls extremely short of the *Sanchez* requirement for seamen status. 997 F.3d at 574. Ragas fails to provide any worthy argument to rebut this evidence. In his motion, he simply argues that Jones Act claims may

8

not be removed from state court without an ounce of information why he qualifies as a seaman under the Act. R. Doc. 19.

Because Ragas cannot establish a connection to a vessel in navigation that was substantial in duration or in nature, Ragas cannot support a claim of seaman status. Since he cannot establish an essential element of a Jones Act cause of action, Ragas' Jones Act claim fails as a matter of law. Since Ragas fraudulently pled his Jones Act Claim, the Court finds that the defendants' removal was proper, and that Ragas is not entitled to costs or attorneys' fees. 28 U.S.C § 1447(c); *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir.1993).

### IV. CONCLUSION

Thus, Ellery Ragas' Motion to Remand to State Court, R. Doc. 19, is **DENIED**. New Orleans, Louisiana, this 6th day of December, 2023.

_____
United States District Judge

9