UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLERY RAGAS** | * | **CIVIL ACTION** |
| | | **NO. 23-5369** |
| **VERSUS** | * | |
| **TAYLOR-SEIDENBACH, INC., ET AL.** | * | **SECTION L** |

## ORDER & REASONS

Before the Court is an Unopposed Motion for Partial Summary Judgment filed by Defendant Gulf Engineering Company, LLC ("Gulf Engineering"). R. Doc. 93. Considering the briefing and the applicable law, the Court rules as follows.

I.  BACKGROUND

This case arises from Plaintiff Ellery Ragas's apparent exposure to asbestos, which he alleges led to his recent diagnosis of malignant lung cancer. R. Doc. 1-1 at 4. Ragas originally sued twenty manufacturers, insurers, and employers in the Civil District Court for the Orleans Parish. *Id.* at 2-3. Defendants General Electric Company ("GE") and Paramount Global, however, subsequently removed the action to this Court pursuant to 43 U.S.C. § 1349(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1441. R. Doc. 1 at 2.

Ragas' lawsuit alleges that he was exposed to asbestos in many ways. R. Doc. 1-1 at 5. His father worked as an automobile mechanic where asbestos was allegedly present, and brought the substance home with him on his work clothes. *Id.* Further, Ragas states that he himself was exposed firsthand to asbestos through his factory work and hobby mechanic work. *Id.* Ragas additionally alleges that the was exposed to asbestos-containing products because of his employment with defendant Freeport-McMoran Inc. ("Freeport"), as a helper and operator from 1978 to 2000 at several of its plants. *Id.* Accordingly, Ragas sued Defendants for their respective roles in causing his asbestos exposure. *Id.* at 7-14. Specifically, Ragas contends that Defendants are liable under

1

negligence and strict liability theories. *Id.*

Several defendants have filed their answers to Ragas' complaint. The Defendants generally deny the negligence and strict liability claims. See R. Doc. 12; R. Doc. 13; R. Doc. 17; R. Doc. 23; R. Doc. 25. Many defendants additionally state the following affirmative defenses: failure to state a claim; comparative fault; failure to mitigate damages; improper venue; assumption of risk; third-party fault; lack of duty; and lack of insurance coverage due to express warranties. *Id.*

On October 17, 2023, Ragas filed a motion to remand the case because it was improperly removed by defendant GE. R. Doc. 19. In opposition, GE and Mosaic Global Holdings Inc. ("Mosaic") argued that the Outer Continental Shelf Lands Act supported removal because Ragas worked on a mine that was located on the outer continental shelf. The Court denied Ragas' motion on the grounds that his workplace exposure to asbestos satisfied removal of his claims to this Court and that he did not qualify as a Jones Act seamen. R. Doc. 29.

## II. PRESENT MOTION

In its motion for partial summary judgment, Gulf Engineering seeks presently dismissal of three claims that Ragas has alleged against it. R. Doc. 93-1. First, it seeks dismissal of Ragas' claims that Gulf Engineering was a manufacturer of asbestos-containing products. *Id.* at 4. Second, it seeks dismissal of Ragas' claims that Gulf Engineering was a professional vendor of asbestos-containing products. *Id.* at 4-5. Third, Ragas argues that Ragas' intentional tort claim of concealment also fails. *Id.* at 6. Ragas did not oppose Gulf Engineering's motion.

## III. LAW AND ANALYSIS

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*,

113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c*); Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993).

## IV. ANALYSIS

The Court finds that Louisiana law governs the instant dispute. The Court will first address whether Gulf Engineering was a manufacturer of asbestos-containing products. The Louisiana Products Liability Act defines a manufacturer of a product as "a person or entity who is in the business of manufacturing a product for placement into trade or commerce." La. R. S. 2800.53(1). Gulf Engineering argues that Ragas fails to provide any evidence to support this allegation. R. Doc. 93-2 at 4. The Court agrees. After reviewing the record and considering Ragas' lack of opposition to Gulf Engineering's argument, the Court finds that it is undisputed that Gulf Engineering was not a manufacturer of asbestos-containing products. Accordingly, the Court dismisses Ragas' manufacturer allegations against Gulf Engineering.

Next, the Court addresses whether Gulf Engineering can be classified as a professional vendor of asbestos-containing products. Under Louisiana law, "professional vendors" are held to the same standard of liability as manufacturers. *Chappuis v. Sears Roebuck & Co.*, 358 So. 2d 926 (La. 1978); *Becnel v. Lamorak Ins. Co.*, No. 19-14536, 2022 WL 3369161 at *2 (E.D. La. Aug. 16, 2022); *Cortez v. Lamorak Ins. Co.,* No. 20-2389, 2022 WL 1135830 (E.D. La. Apr. 18, 2022). To be held liable as a professional vendor, "a seller must (1) hold a product out to the public as its

own and (2) operate with the requisite size, volume and merchandising practices, such as the firm is presumed to know the defects of its wares." *Cortez*, 2022 WL 3370149 at *4 (internal quotation omitted). Accordingly, professional vendors are "retailer[s] who do[] more than simply sell a certain product or products; [they] must engage in practices where [they are] capable of controlling the quality of the product, such that courts are justified in treating the retailer[s] like [] manufacturer[s]." *Roy v. Colgate Palmolive Co.*, No. 20-3433, WL 1574038, at *3 (E.D. La. Apr. 22, 2021).

Here, Gulf Engineering argues that it did not hold any asbestos containing product out as its own product. It further argues that the record is devoid of any evidence demonstrating that Gulf Engineering engaged in the distribution or advertising of asbestos-containing products. Ragas does not oppose any of Gulf Engineering's arguments. Accordingly, the Court finds that Ragas' professional vendor liability claims against Gulf Engineering must also be dismissed.

Lastly, the Court addresses whether Ragas' intentional tort claim of concealment against Gulf Engineering. To succeed on his claim, Ragas must show that Gulf Engineering either consciously desired that the decedent contract lung cancer, or knew that the result was "substantially certain to follow from its conduct." *Cortez v. Lamorak Ins. Co.*, 597 F. Supp. 3d 959, 976 (E.D. La. Apr. 4, 2022). "Substantial certainty requires more than a reasonable probability that an injury will occur" and Legendre must prove that the decedent's mesothelioma was "inevitable or incapable of failing." *Id.*; *Reeves v. Structural Pres. Sys.*, 731 So. 2d 208, 213 (La. 1999). Gulf Engineering's "belie[f] that some may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of intentional tort, but instead falls within the range of negligent acts." *Cortez*, 597 F. Supp. 3d at 976 (quoting *Reeves*, 731 So. 2d at 213). To prevail, Ragas must show that Gulf Engineering's "conduct went beyond knowingly permitting

4

a hazardous work condition to exist, ordering an employee to perform an extremely dangerous job or willfully failing to furnish a safe place to work." *Becnel*, 2022 WL 3665085, at *3 (quoting *Zimko v. Am. Cyanamid*, 905 So. 2d 465, 475 (La. App. 4 Cir. 2005)).

Gulf Engineering argues that Ragas has presented no evidence that shows Gulf Engineering informed "Ragas or any of his family members that asbestos was safe, or that [it] suppressed information from . . . Ragas or his family members with the intent to gain an unjust advantage." R. Doc. 93-2 at 6. Once again, Ragas does not presently dispute this argument. Thus, the Court dismisses Ragas' concealment claims against Gulf Engineering as well.

V.     **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gulf Engineering Company, LLC's Motion for Partial Summary Judgment, R. Doc. 93, is **GRANTED**.

New Orleans, Louisiana this 30th day of August, 2024.

_____
United States District Judge